**IN THE COURT OF APPEALS OF IOWA**

No. 16-0921
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY A. TAYLOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley, District Associate Judge.

        The defendant challenges his conviction for driving while his license was barred. **AFFIRMED.**

        Hannah Vellinga of Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Gregory Taylor pleaded guilty to driving while his license was barred, in violation of Iowa Code sections 321.560 and 321.561 (2015). In this appeal, he contends his plea counsel provided constitutionally deficient representation in allowing Taylor to plead guilty without a factual basis for the plea and in failing to investigate a motion to suppress evidence. The claims are without merit.

Taylor admitted in his written guilty plea he was operating a motor vehicle while his license was barred and not in compliance with the terms of his temporary restricted license. There was a factual basis in support of the plea. *See State v. Garcia-Villa*, No. 14-0837, 2015 WL 3623816, at *1 (Iowa Ct. App. June 10, 2015) (holding motorist was subject to criminal conviction for driving while barred despite holding temporary restricted license where the motorist was driving outside the parameters of the restricted license). Taylor's counsel was thus not ineffective. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (holding counsel was not ineffective in allowing the defendant to plead guilty where there was a factual basis to support the plea).

The officer stopped Taylor's vehicle for, among other reasons, an equipment violation. The traffic stop was supported by probable cause. *See State v. Tyler*, 830 N.W.2d 288, 293 (Iowa 2013) (stating when "a peace officer observes a violation of the traffic laws, however minor, the officer has probable cause to stop a motorist"). There was no basis to file a motion to suppress evidence. Plea counsel had no duty to investigate and pursue an issue without merit. *See State v. Soboroff*, 798 N.W.2d 1, 9 (Iowa 2011) (holding an attorney has no duty to pursue a meritless issue).

We affirm the defendant's conviction without further opinion.  *See* Iowa Ct. R. 21.26(a), (e).

**AFFIRMED.**